UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TATIANA LOPEZ,

    **Plaintiff,**

v.                                          CASE NO.:

CORTLAND MANAGEMENT, LLC,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TATIANA LOPEZ, by and through undersigned counsel, brings this action against Defendant, CORTLAND MANAGEMENT, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Pasco County, Florida, and she worked in Hillsborough County for Defendant.

5. Defendant operates a multifamily development company with its principal place of business in Atlanta, Georgia that operates across the United States and has a regional office in Tampa, in Hillsborough County, Florida. Defendant is registered to do business in Florida.

6. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391. Plaintiff resides in Pasco County, Florida, worked for Defendant remotely from home and in-office in Hillsborough County, Florida. A substantial part of Plaintiff's claims arose in Tampa, Florida, where Defendant regularly conducts business. Venue is proper in the Middle District because the majority of the events giving rise to these claims occurred in this District.

## GENERAL ALLEGATIONS

7. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

8. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1,250 hours in the 12 months preceding her request for leave under the FMLA.

9. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began working for Defendant on or around June 2018.

15. On or around December 2018, Plaintiff learned she was pregnant. Immediately, Plaintiff notified Defendant.

16. On or around March 2019, Plaintiff was diagnosed with a high risk pregnancy that is considered a serious health condition within the meaning of the FMLA.

17. In May 2019, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

18. On August 13, 2019, Plaintiff went out on protected medical leave. Plaintiff was scheduled to return to work on November 15, 2019.

19. On or around October 29 2019, Plaintiff received an email from the human resources ("HR") benefit coordinator incorrectly stating that Plaintiff's return to work date was October 28, 2019. Plaintiff provided information to the HR benefit coordinator to confirm that her return to work date was November 15, 2019. The HR benefit coordinator confirmed the November 15, 2019 date and made it clear that Plaintiff was all set to return to work on that date.

20. Instead, on or about October 31, 2019, Plaintiff's employment was terminated by the Director of Operations, Jonathon Denton, and the Regional Manager, Brandi Watkins. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as fully set forth herein.

22. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

23. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

24. Defendant's actions were willful and done with malice.

25. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    (a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the

monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

26. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 19 of this Complaint, as fully set forth herein.

27. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

28. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

29. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of March, 2020.

                Respectfully submitted,

                _____
                **LUIS A. CABASSA**
                Florida Bar Number: 0053643
                **Wenzel Fenton Cabassa, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main No.: (813) 224-0431
                Direct No.: (813) 321-4085
                Facsimile No.: (813) 229-8712
                Email: lcabassa@wfclaw.com
                Email: gnichols@wfclaw.com
                **Attorney for Plaintiff**